**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timm David Wroe, | CV 04-3002-PHX-DGC |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, | |
| Respondents. | |

Pending before the Court are the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and Magistrate Judge Edward C. Voss's Report and Recommendation ("R&R"). Docs. ##1, 13. The R&R recommends that the Court deny the petition as untimely. Doc. #13 at 4. On November 14, 2005, Petitioner filed a timely objection to the R&R. Doc. #14. The Court has reviewed both the R&R and Petitioner's objection, and finds the R&R to be well-taken.

On April 26, 1996, Petitioner was convicted of first degree murder and second degree burglary. Doc. #12, Ex. C. Petitioner's conviction was affirmed on direct appeal by the Arizona Court of Appeals, and the Arizona Supreme Court denied review on February 20, 1998. Doc. #12, Ex. F.

Petitioner filed a Notice of Post-Conviction Relief on September 15, 1997, while his direct appeal was still pending. Thus, there was no time between the completion of direct appeal and the initiation of post conviction proceedings within which the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations began to run.

1  Petitioner therefore had one year from the conclusion of his post-conviction relief petition
2  to file a federal habeas petition. *See* §§ 2244(d)(1)(A)-(d)(2).

3  The trial court denied the petition for post-conviction relief, and, on November 6,
4  2003, the Arizona Court of Appeals issued an order denying review of the trial court's
5  decision. Doc. #12, Ex. P.  Petitioner had 30 days from this order to seek review in the
6  Arizona Supreme Court, but failed to do so. On December 22, 2003, two weeks after the 30-
7  day period for seeking review had expired, the deputy clerk of the Arizona Court of
8  Appeals transferred to the trial court a certified copy of the Court of Appeals' November
9  6, 2003 order denying review. Doc. #12, Ex. P. Petitioner argues that he had one year from
10 the date of this transmittal to file his habeas petition. Doc. #14. The Court disagrees.

11 Arizona Rule of Criminal Procedure 31.19(a) provides that Petitioner has "thirty
12 days, *after the filing of a decision*, . . . [to] file with the clerk of the Court of Appeals a
13 petition for review by the Supreme Court." (Emphasis added.)  The Court of Appeals'
14 decision denying review was filed on November 6, 2003. Doc. # 12, Ex. P. Petitioner had
15 30 days from this date – until December 8, 2003 – to  petition the Arizona Supreme Court
16 for review.  Because Petitioner failed to do so, the statute of limitations began to run on
17 December 8, 2003 and expired on December 8, 2004. Petitioner filed his habeas petition in
18 this Court on December 22, 2004, two weeks after the statute of limitations had run. The
19 petition was untimely.

20 Petitioner argues in a single sentence that "any equitable tolling needed between
21 the file date denying review and the time which the mandate was issued must be
22 considered and granted." Doc. #14 at 3. Equitable tolling of the AEDPA's limitation period
23 is not available in most cases. *See Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d
24 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998).
25 To justify equitable tolling, Petitioner must show that "extraordinary circumstances beyond
26 his control made it impossible to file a petition on time and the extraordinary circumstances
27 were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir.

28

2004) (citing *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)); *see Calderon*, 128 F.3d at 1289; *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner has not attempted to make such showings.

The Court will accept the Magistrate's R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b) (same).

**IT IS SO ORDERED:**

1. Magistrate Judge Edward C. Voss's R&R (Doc. #13) is **accepted**
2. Petitioner Wroe's petition for writ of habeas corpus (Doc. #1) is **denied.**
3. The Clerk of the Court shall **terminate** this action.

DATED this 13th day of January, 2006.

David G. Campbell
United States District Judge